81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert F. COVELLI, Defendant-Appellee,
v.
PEOPLE OF the STATE OF ILLINOIS, Defendant-Intervenor-Appellant,
and
Richard H. Rison, Warden, Respondent.
 No. 94-56297.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided March 28, 1996.
 
 Before: PREGERSON and T.G. NELSON, Circuit Judges, and EZRA,* District Judge.
 MEMORANDUM**
 * The State of Illinois ("Illinois") appeals the district court's summary judgment for federal prisoner Robert Covelli ("Covelli"), enjoining Richard H. Rison, Warden of the Federal Prison at Lompoc, California, from releasing Covelli to the State of Illinois for trial on a pending state murder indictment. Covelli was once before transferred from federal custody in Pennsylvania to state custody in Illinois, but was returned to the federal prison by an Illinois state judge while his interlocutory appeal from a denial of his motion to dismiss was pending. Eventually, the Illinois Court of Appeals denied Covelli's motion and remanded for trial. The district court ruled that the anti-shuttling provision of the Interstate Agreement on Detainers ("the IAD"), 18 U.S.C. § 1 et seq., precluded Covelli's being transferred to Illinois a second time. Because it ruled as a matter of law that the anti-shuttling provisions of the IAD are not subject to waiver in this circuit, the court did not consider whether Covelli waived his rights to these provisions. We hold that the district court's determination was in error, and we remand for determination of this issue on the merits.
 II
 The district court adopted the magistrate's finding that "the Ninth Circuit has not adopted the waiver provision to the IAD." This is incorrect. We held in Burrus v. Turnbo that prisoners may waive their rights to the speedy-trial provisions of the IAD. 743 F.2d 693, 702 (9th Cir.1984), vac'd on other grounds, 474 U.S. 1016 (1985). Moreover, in United States v. Black, we explicitly held that a prisoner may waive his rights to the anti-shuttling provisions. 609 F.2d 1330, 1334 (9th Cir.1979), cert. denied, 449 U.S. 847 (1980). Such a waiver need not be knowingly and intelligently made. Id.
 Because the magistrate judge found as a matter of law that no waiver applies, neither he nor the district court considered whether Covelli waived his rights to the anti-shuttling provisions of the IAD as a matter of fact. We therefore remand to the district court to consider this question in light of our decision in Black.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3